UNITED STATES, Appellee,

v.

Private First Class Ilessie WHITE, Sr.,
435–25–0675, United States
Army, Appellant.

CM 444371.

U.S. Army Court of Military Review.

15 March 1985.

Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, and Captain Vivian B. Wiesner, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, and Major Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was convicted, contrary to his pleas, of voluntary manslaughter of his two-year-old son.[1] The child died from the effects of a heavy blow with a blunt instrument while in appellant's sole care. The fatal blow broke three of the child's ribs and drove the broken end of one rib through the child's diaphragm and into his liver. The immediate cause of death was massive internal bleeding from the child's lacerated liver. At the time, appellant's arm was in a cast which extended from his elbow to the base of his fingers. One of appellant's pretrial explanations of his son's death was that he had attempted to strike his child with his fingers but missed and hit the boy with the cast. Previously appellant had maintained that his son had injured himself by falling down stairs.

Over defense objection, the Government introduced evidence of numerous prior injuries which were startlingly similar to the fatal injuries. These injuries consisted of numerous "recent" contusions estimated to be from 24 to 48 hours old, numerous scars which were the result of "old" injuries, and a previously broken and healed rib. Obviously, all of these "old" injuries occurred during the two years of the victim's life, during which he had been in his parents' care, and most probably in the latter portion of those two years. The expert testimony indicated that they had been inflicted upon the victim by another person or persons. Medical experts attributed these prior injuries to the "battered child syndrome," explaining that this meant that they were neither self-inflicted nor accidental. One expert also testified that such injuries are frequently inflicted by parents. Appellant's wife testified that appellant frequently cared for the child alone and that she had not injured him.

Appellant argues that evidence of the prior injuries was inadmissible uncharged

1. The adjudged sentence to a dishonorable discharge, confinement at hard labor for eight years, and accessory penalties was approved by the convening authority.

misconduct. We disagree. The controlling authorities are Military Rule of Evidence [hereinafter cited as Rule] 404(b) and *United States v. Janis,* 1 M.J. 395, 397 (C.M.A. 1976). Under Rule 404(b), evidence of uncharged misconduct is admissible to prove, *inter alia,* intent or the absence of accident. Under *Janis,* the evidence must also: (1) be connected in time, place, and circumstance with the charged offense; (2) have probative value which is not substantially outweighed by prejudicial impact; and (3) be "plain, clear and conclusive."

In the case at bar, the evidence was clearly relevant to intent and nonaccident, thus satisfying Rule 404(b). The connection in time, place and circumstance was sufficiently close, thus satisfying the first prong of *Janis.* While the potential prejudicial impact of the evidence was considerable, we are satisfied that this impact was less than (rather than substantially more than) the power of the evidence to prove appellant's intent to do serious harm to his son and to negate appellant's claim of accident. Thus the second prong of *Janis* is satisfied. Finally, and contrary to appellant's principal argument, we find that the evidence meets the "plain, clear and conclusive" standard. By a simple process of elimination, the evidence established "plainly, clearly and conclusively" that appellant was the source of the relevant prior injuries to his son.[2]

The remaining assignments of error and the issues personally raised by appellant have been considered and found to be without merit.

The findings of guilty and the sentence are affirmed.

Judge FELDER and Judge NAUGHTON concur.

---

2. The fact that the evidence was circumstantial rather than direct is of no moment, as either kind of evidence can suffice.